**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | : | |
| | : | |
| v. | : | **Case No. 22-cr-196 (RBW)** |
| | : | |
| **KELFA KAMARA** | : | |

<u>**GOVERNMENT'S SENTENCING MEMORANDUM**</u>

The Defendant has chosen to traffic in various types of controlled substances over a long period of time, resulting in another conviction for possession with the intent to distribute cocaine base in the instant case. For the reasons that follow, the Government respectfully requests that the Court impose a sentence of 57 months of incarceration followed by 3 years of Supervised Release.

**I.      FACTUAL AND PROCEDURAL BACKGROUND**

In or around late 2021, law enforcement began investigating violent crime and drug trafficking activities occurring in or around the corner of 7th Street and O Street in Northwest, Washington, D.C. Law enforcement quickly discovered that a specific group of individuals associated together in this area on a regular basis, including the Defendant and several defendants charged in the related case *Unitized States v. Brian Rice et. At.,* 22-cr-164 (RBW).

Law enforcement identified several stash houses that the group used for storing drugs close by and for processing and packaging drugs for resale. Law enforcement installed covert cameras in hallways to observe who was using these stash houses. Law enforcement also began executing controlled purchases of both crack cocaine and fentanyl from members of this drug trafficking group.

The quantities of crack cocaine purchased by law enforcement ranged from one gram to over 28 grams at a time. The charged members of this group, in total, sold law enforcement approximately 158 grams of cocaine base. The quantities of fentanyl purchased by law

enforcement from members of this drug trafficking group ranged from less than one gram up to 65 grams at a time. The charged members of this group, in total, sold law enforcement approximately 470 grams of fentanyl.

Through the investigative process, law enforcement obtained sufficient probable cause to execute a search warrant at Defendant Kamara's residence located at 1941 2nd Street, NE, Washington, DC 20002.

On May 25, 2022, law enforcement arrived at his residence to execute the warrant and encountered Defendant Kamara in his bedroom. Officers searching the Defendant's bedroom discovered a small clear plastic bag in his jacket pocket hung in his closet. The plastic bag contained 42 grams of crack cocaine and a pill bottle containing 7 pills of suspected Oxycodone. Officers also discovered a shoebox containing $4,167 in U.S. currency located in the Defendant's closet and $112 in a satchel located on a couch near the Defendant's bed.

Pursuant to the search warrant, officers also searched two vehicles which were registered to Defendant Kamara. The first vehicle searched was a 2011 black Jeep Grand Cherokee and it contained no relevant evidence.

The second vehicle searched was a dark grey Infiniti bearing Washington, DC registration GS8693. Officers recovered an orange pill bottle containing 13 blue pills, which were consistent in appearance to Oxycodone and a white pill bottle containing 15 blue pills and 2 yellow pills, all consistent in appearance to Oxycodone. Officers found two digital scales in the center counsel of this automobile.

Pursuant to the plea agreement, the Defendant admitted that he possessed the crack cocaine, approximately 42 grams in total, for the purpose of selling it.

## II.      LEGAL STANDARD

Pursuant to 18 U.S.C. § 3553(a), the court shall impose a sentence that is sufficient, but not greater than necessary, to "reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense;" "to afford adequate deterrence to criminal conduct;" "to protect the public from further crimes of the defendant;" and to "provide the defendant with needed educational or vocational training." 18 U.S.C. § 3553(a)(2). In addition, the Court must also consider "the nature and circumstances of the offense and the history and characteristics of the defendant;" the types of sentences available, the Sentencing Guidelines; any pertinent policy statements; the need to avoid unwarranted sentence disparities; and the need to provide restitution to any victims. *Id.* § 3553(a).

## III.     GUIDELINES CALCULATION

The Government agrees that the Defendant's offense level is 21 and his Criminal History Category is III, so his Guidelines range is 46-57 months of imprisonment. *See* PSR, ¶ 117.

The Government previously filed its objections to the PSR and does not have any additional objections.

## IV.     ARGUMENT

A sentence at the high end of the Guidelines range is appropriate considering the Defendant's lengthy criminal history, for repeatedly violating drug trafficking laws. The Government's recommended sentence is also designed to deter others, promote respect for the law, and fulfill the other purposes of sentencing.

### 1.       The Nature, Circumstances, and Seriousness of the Offense

Surveillance during this investigation revealed what amounted to an open-air drug market at the corner of 7th and O Streets, NW. Surveillance captured what appeared to be individual drug users going to this area and obtaining apparent drugs. Drug trafficking—especially by groups in open-air drug markets like the one at 7th and O—brings violence and disruption to communities, making it harder for individuals and families to live their lives. Indeed, there is a recreation center at the northeast corner of 7th and O, right near where this group operated. While Defendant Kamara was not charged in the larger conspiracy, his involvement with this group led law enforcement to investigate Defendant Kamara and ultimately obtain a search warrant for his residence, discovering large sums of money and crack cocaine.

### 2.      The Defendant's History and Characteristics

The Defendant has multiple prior convictions, dating back to 1998. These convictions prove a pattern of conduct over nearly 25 years. The Defendant's convictions include offenses of possession with the intent to distribute cocaine (1998), possession of cocaine (2004), possession with the intent to distribute marijuana (2012), possession of a controlled substance (2014), possession of a controlled substance (2014), possession of a controlled substance (2017). PSR ¶ 69-76. As the Court can see through the incident summaries, many are nearly identical to the instant conduct, such as the conviction in 2014 CMD 17553 where, at the exact same residence, MPD executed a search warrant and recovered two digital scales, crack cocaine, and over $2,000 in cash. PSR ¶ 73.

The Defendant appeared to have a perfectly normal childhood, free of violence or abuse, living between Washington, D.C. and London. PSR ¶ 88-91. He also appears to have avoided any type of consistent work, even though he has held employment in the past.

4

### 3.    The Need to Promote Respect for the Law and Deterrence

The Defendant chose to distribute a dangerous drug to members of our community. Cocaine base is addictive and can destroy lives. A person who deals cocaine base and who chooses to risk the wellbeing of others in order to make money for themselves must understand that their conduct is unacceptable. Defendant Kamara did not simply make a one-time poor choice, he has shown the Court that this is his chosen path, over and over again, with nearly identical conduct.

### 4.    Other factors

The Government's recommended sentence is also justified to protect the public from the Defendant. Defendant Kamara has shown no intent of abiding by the laws of the United States or the District of Columbia. When the Court is presented with a defendant who choses crime over and over again, at some point the Court is obligated to protect the public from a clear pattern of recidivism.

## V.    CONCLUSION

For the foregoing reasons, the Government recommends that the Court impose a sentence at, or near, the high end of the Defendant's guidelines range, followed by 3 years of Supervised Release.

Respectfully submitted,

MATTHEW M. GRAVES
UNITED STATES ATTORNEY
DC Bar No. 481052

By:    *By: /s/ Kevin Rosenberg*
KEVIN L. ROSENBERG
Assistant United States Attorney
District of Columbia
OHIO BAR 0081448
601 D Street, NW
Washington, DC 20530

5

(202) 252-7833
KEVIN.ROSENBERG@USDOJ.GOV